James C. Pettis, California Bar No. 223953
**PETTIS LAW FIRM LLP**
2447 Pacific Coast Hwy, Ste 100
Hermosa Beach, California 90254
Telephone: (213) 545-6448
Facsimile: (213) 816-1966
E-Mail: jimpettis@pettislawfirm.com

Attorneys for Defendant
TITLEMAX OF CALIFORNIA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| TONI GLOCK, an individual, and TERRY GLOCK, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>TITLEMAX OF CALIFORNIA, INC., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:18-CV-00213<br><br>(San Bernardino Superior Court Case No. CIVDS1724967)<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION UNDER 28 U.S.C. SECTIONS 1331 & 1441 (FEDERAL QUESTION JURISDICTION)**<br><br><br>Date Action Filed: December 18, 2017<br>Trial Date: Not yet assigned |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant TitleMax of California, Inc. ("Defendant") removes the state court action described below from the Superior Court of the State of California for San Bernardino County to the United States District Court for the Central District of California.

**I.   Background**

1.   On December 18, 2017, Plaintiffs Toni Glock and Terry Glock filed an action in the Superior Court of the State of California, San Bernardino County, captioned *Toni Glock and Terry Glock v. TitleMax of California, Inc.*, Case No. CIVDS1724967 ("State Court Action").

2.   Defendant was served with Plaintiffs' Complaint on January 2, 2018. Defendant has not filed a responsive pleading in the State Court Action or taken part in any proceedings.

3.   The Complaint, a true and correct copy of which is attached as **Exhibit A**, asserts the following four causes of action against Defendant: (1) "Violation of the Rosenthal Act"; (2) "TILA"; (3) Fraud; and (4) Negligent Misrepresentation. (*See* Compl.) Plaintiffs' claims against Defendant are primarily based on purported violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"). (Compl. ¶¶ 29(c)-(m), 33-35, 38-41, 48-52.)

**II.   Basis for Removal – Federal Question Jurisdiction**

4.   This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 because the Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a).

5.   Federal question jurisdiction is available in actions involving state law claims where those claims necessarily involve the resolution of underlying disputed questions of

federal law. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315-16 (2005) (affirming federal question jurisdiction based on need to resolve predicate issue under federal Internal Revenue Code); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (federal question removal jurisdiction proper where state lawsuit turns upon defendant's compliance with a federal regulation).

6. Plaintiffs' first cause of action, titled "Violation of the Rosenthal Act," is primarily based on alleged violations of the FDCPA (Compl. ¶¶ 29(c)-(m)), over which this Court has original jurisdiction, and raises issues under federal law and compliance with federal regulations. Plaintiffs allege Defendant violated eleven sections of the FDCPA, including sections 1692b(1), 1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692(f)(1). (*Id.*)

7. Plaintiffs' second cause of action, titled "TILA," is solely based on alleged violations of TILA (Compl. ¶¶ 33-35), over which this Court has original jurisdiction, and raises issues under federal law and compliance with federal regulations.

8. Accordingly, removal of this action to federal court is appropriate on the grounds that Plaintiffs' primary claims against Defendant necessarily involve the resolution of disputed questions of federal law.

9. This Court also has supplemental jurisdiction over Plaintiffs' remaining state law claims for fraud and negligent misrepresentations. Those claims arise under the same operative facts as Plaintiffs' claims based on alleged TILA violations. They are based on Defendant's alleged failure to disclose the amount financed and interest rate. (*See, e.g.*, Compl. ¶¶ 38-41, 48-52.) Thus, each of those claims are related and form a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

### III. Procedural Compliance

10. This Notice of Removal is timely filed within thirty days of January 2, 2018, the day on which Defendant was served with Plaintiffs' Complaint. 28 U.S.C. § 1446(b).

11. The State Court Action was pending before the Superior Court for San Bernardino County. Because this Court is the United States District Court for the district and division embracing the place where the original action was filed, it is the appropriate Court for removal under 28 U.S.C. § 1446.

12. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A are copies of all process, pleadings, and orders served upon Defendant. A copy of this notice has been served on all parties of record and will be filed with the Clerk of the Superior Court for San Bernardino County.

## IV. Conclusion

13. Defendant respectfully requests that the above-described State Court Action be removed from the state court in which it was filed to the United States District Court for the Central District of California, and requests further that the Court issue all necessary orders and process and grant such other and further relief as in law and justice that Defendant may be entitled to receive.

Dated: January 30, 2018          Respectfully submitted,

                                   **PETTIS LAW FIRM LLP**

                                   By: */s/ James C. Pettis*
                                        James C. Pettis
                                   Attorneys for Defendant
                                   TITLEMAX OF CALIFORNIA, INC.

PROOF OF SERVICE

*Glock v. TitleMax of California*

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am a resident in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 2447 Pacific Coast Hwy, Suite 100, Hermosa Beach, California 90254.

On January 30, 2018, I served the following document on all interested parties in this action:

NOTICE OF REMOVAL OF STATE COURT ACTION UNDER 28 U.S.C. SECTIONS 1331 & 1441 (FEDERAL QUESTION JURISDICTION)

<u>Attorney for Plaintiff</u>
Jeremy S. Golden
Cory M. Teed
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910

MAIL – I placed a true copy of the foregoing document in a sealed envelope addressed to the party as listed above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at PETTIS LAW FIRM LLP, Los Angeles county, California. I am readily familiar with PETTIS LAW FIRM LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

FEDERAL – I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and the state of California that the foregoing is true and correct.

Executed on January 30, 2018.

_____
James C. Pettis