2:20

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TITLEMAX OF CALIFORNIA, INC., a corporation; and DOES 1
through 10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TONI GLOCK, an individual, and TERRY GLOCK, an individual,



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

DEC 1 8 2017

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Superior Court of California<br>*(El nombre y dirección de la corte es):*<br><br>San Bernardino County- San Bernardino District<br>247 West Third Street, San Bernardino, CA 92415 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CIVDS1724967 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jeremy S. Golden, 3130 Bonita Road, Suite 200B, Chula Vista, CA 91910. Phone: 619-476-0030

| DATE: DEC 18 2017 | Clerk, by | Regina Chanez | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ ~~on behalf of~~ *(specify):* Titlemax of California, Inc., a corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL] COPY

Page 1 of 1

Ex A001

Jeremy S. Golden (SBN 228007)
Cory M. Teed (SBN 299780)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiffs

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 1 8 2017

BY _____
ELENA GOMEZ, DEPUTY

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO

CIVDS1724967

| | |
|---|---|
| TONI GLOCK, an individual, and TERRY GLOCK, an individual, | ) Case No.: |
| | ) |
| Plaintiffs, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| v. | ) |
| | ) |
| TITLEMAX OF CALIFORNIA, INC., | ) |
| a corporation; and DOES 1 through 10 | ) |
| inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## I. INTRODUCTION

1.    This is an action for damages brought by individual consumers against Defendants for violations of the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act"), the Truth In Lending Act ("TILA"), and other common law torts for unlawfully attempting to collect a debt.

//

//

Ex A002

## II. PARTIES

2.     Plaintiff TONI GLOCK is a natural person residing in San Bernardino, California.

3.     Plaintiff TERRY GLOCK is a natural person residing in San Bernardino, California.

4.     Defendant TITLEMAX OF CALIFORNIA, INC. (hereinafter "TITLEMAX") at all times relevant was a corporation doing business of collecting debts in California operating from an address at 150 W. 40th Street, San Bernardino, CA 92405.

5.     TITLEMAX is engaged in the collection of debts from consumers using the mail and telephone.  TITLEMAX regularly attempts to collect consumer debts. TITLEMAX is a "debt collector" as defined by the Rosenthal Act, California Civil Code 1788.2(c).

6.     The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sues these Defendants by such fictitious names.  Plaintiffs are informed and believes, and allege that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiffs.  Plaintiffs request that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7.     Plaintiff Toni Glock is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

8.     The purported debt which Defendants attempted to collect from Plaintiffs was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

9.     Defendant TITLEMAX is a "creditor" as defined by TILA, 15 U.S.C. §1602(g).

//

2
COMPLAINT AND DEMAND FOR JURY TRIAL

Ex A003

## III.  FACTUAL ALLEGATIONS

10.     On April 5, 2017, Plaintiff Toni Glock ("Ms. Glock") went to Defendant TitleMax to obtain a loan ("the Loan") secured to her vehicle ("the Vehicle").

11.     On April 5, 2017, Ms. Glock and Defendant's representative Ashley Ortiz had a discussion wherein Ms. Glock informed Ms. Ortiz that she needed a title loan for $407 to cover the registration and title costs with the Department of Motor Vehicles ("DMV") for a vehicle she had purchased from a third party.  Ms. Glock provided Ms. Ortiz with a copy of her proof of sale and title of the vehicle.

12.     Ms. Ortiz provided Ms. Glock with an application where Ms. Glock provided Defendant TitleMax with her monthly income and expenses.  Ms. Glock was then advised by Ms. Ortiz to leave for lunch and the paperwork would be ready for her to sign when she returned.  As Ms. Glock left, she was led to believe she would be receiving a loan for approximately $407.

13.     After Ms. Glock returned from lunch, Defendant's representative Ms. Ortiz provided Ms. Glock with a check for $2,021. Ms. Glock informed Ms. Ortiz that this check exceeded the amount she had requested from Defendant TitleMax and Ms. Glock asked if she could return the check.

14.     Ms. Ortiz informed Ms. Glock that the lowest amount for a title loan Defendant TitleMax could provide was for $2,600 at an interest rate of 165%. Defendant failed to inform Plaintiff that the reasoning for the larger loan amount was to grossly inflate the interest rate.  Pursuant to the California Financial Lenders Act, Cal. Code, Fin. Code §22300 *et seq.*, there are no limitations on loans that exceed $2,500.

15.     Ms. Ortiz further informed Ms. Glock that the check could not be returned because Defendant TitleMax had already begun the paperwork process with the DMV.  Ms. Ortiz informed Ms. Glock that Defendant TitleMax had already sent the  DMV $579 to cover the registration costs for Ms. Glock's vehicle.  Ms. Glock never requested that Defendant handle the DMV paperwork and fees and never requested or applied for a loan in this amount.

Ex A004

16. Ms. Glock never received a copy of the alleged contract, payment schedule or truth in lending disclosures regarding the loan of $2,600. Ms. Glock was informed by Ms. Ortiz that her first payment of $363 was due on May 5, 2017.

17. In July 2017, Defendant TitleMax began a campaign of phone calls to collect payments allegedly due on the Loan.

18. Defendant TitleMax repeatedly contacted Plaintiffs Mr. and Mrs. Glock to collect on the Loan.

19. On more than one occasion, Defendant called Plaintiffs more than once on a single day, with up to three calls in a single day to each individual.

20. Defendant would call Plaintiffs on consecutive days.

21. Plaintiffs requested the calls to stop from Defendant TitleMax.

22. Despite Plaintiffs' request to cease all communication, Defendant TitleMax ignored Plaintiffs' cease and desist request and continued to call.

23. Defendant also called third persons associated with Plaintiffs in an attempt to collect the Loan.

24. Defendant contacted third persons associated with Plaintiffs more than once and disclosed details regarding the Loan.

25. The amount and frequency of the calls rose to the level of harassment.

26. On August 30, 2017, Defendant TitleMax repossessed Plaintiffs' vehicle after Defendant's representative informed Plaintiffs it would not do so.

27. As a result of the acts alleged above, Plaintiffs suffered emotional distress and lost the use of their vehicle.

## IV. FIRST CAUSE OF ACTION

### (By Plaintiffs Against all Defendants for Violation of the Rosenthal Act)

28. Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

29. Defendants violated the Rosenthal Act, by including but not limited to, the following:

Ex A005

(a)   The Defendants violated California Civil Code §1788.11(d) against both Plaintiffs by causing a telephone to ring repeatedly or continuously to annoy the person called;

(b)   The Defendants violated California Civil Code §1788.11(e) against both Plaintiffs by communicating with the Plaintiffs with such frequency as to be unreasonable and to constitute an harassment to the Plaintiffs under the circumstances;

(c)   The Defendants violated California Civil Code §1788.17 against Plaintiff Ms. Glock by failing to comply with 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff Ms. Glock and failing to identify him/herself, and/or failing to state that he/she is confirming or correcting location information concerning the Plaintiff Ms. Glock.

(d)   The Defendants violated California Civil Code §1788.17 against Plaintiff Ms. Glock by failing to comply with 15 U.S.C. § 1692b(2) by communicating with persons other than the Plaintiff Ms. Glock and stating that the Plaintiff Ms. Glock owes debt;

(e)   The Defendants violated California Civil Code §1788.17 against Plaintiff Ms. Glock by failing to comply with 15 U.S.C. § 1692b(3) by communicating with persons other than the Plaintiff Ms. Glock and contacting that person more than once;

(f)   The Defendants violated California Civil Code §1788.17 against Plaintiff Ms. Glock by failing to comply with15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

(g)   The Defendants violated California Civil Code §1788.17 against both Plaintiffs by failing to comply with15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the collection of the alleged debt;

5

COMPLAINT AND DEMAND FOR JURY TRIAL

(h)     The Defendants violated California Civil Code §1788.17 against both Plaintiffs by failing to comply with15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedlywith the intent to harass, oppress, and abuse the Plaintiffs in connectionwith the collection of the Debt;

(i)     The Defendants violated California Civil Code §1788.17 against Plaintiff Ms. Glock by failing to comply with 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(j)     The Defendants violated California Civil Code §1788.17 against Plaintiff Ms. Glock by failing to comply with15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(k)     The Defendants violated California Civil Code §1788.17 against Plaintiff Ms. Glock by failing to comply with 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt;

(l)     The Defendants violated California Civil Code §1788.17 against Plaintiff Ms. Glock by failing to comply with 15 U.S.C. § 1692fby using unfair or unconscionable means to collect or attempt to collect a debt; and

(m)     The Defendants violated California Civil Code §1788.17 against Plaintiff Ms. Glock by failing to comply with15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

30.     Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the Debt.

31.     As a proximate result of Defendants' violations enumerated above, Plaintiffs have been damaged in amounts which are subject to proof.

Ex A007

32.   Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## V.  SECOND CAUSE OF ACTION
### (By Plaintiff Toni Glock Against all Defendants for TILA)

33.   Plaintiff Ms. Glock repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

34.   Defendants violated the TILA, 15 U.S.C. §1638(a), by including but not limited to, the following: Defendants failed to disclose the amount financed, provide a statement of Plaintiff Ms. Glock's right to obtain a written itemization of the amount financed, the finance charge, the finance charge expressed as an annual percentage rate, the sum of the amount financed and the finance charge, and the payment schedule.

35.   Defendants violated TILA and are therefore liable to Plaintiff Ms. Glock for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1640.

## VI.  THIRD CAUSE OF ACTION
### (By Plaintiff Toni Glock Against all Defendants for Fraud)

36.   Plaintiff Ms. Glock repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

37.   Defendants represented to Plaintiff Ms. Glock that important facts were true.

38.   Plaintiff Ms. Glock and Defendant's representative Ashley Ortiz had a discussion wherein Ms. Glock informed Ms. Ortiz that she needed a title loan for $407 to cover the registration and title costs with the Department of Motor Vehicles. Defendant's representative Ms. Ortiz submitted Ms. Glock for a title loan for $2,600 at an interest rate of 165% without Ms. Clock's authority.  Ms. Glock was led to believe she would be receiving a loan for approximately $407.  Defendant failed to inform Plaintiff that the reasoning for the larger loan amount was to grossly inflate the interest rate.

39.   Defendants induced Plaintiff Ms. Glock to fill out the credit application on the

Ex A008

1  assumption that they would be receiving a title loan for $407.

2      40.   Defendants took Plaintiff Ms. Glock's application but proceeded to prepare a

3  title loan for the amount of $2,600 without Plaintiff's authorization.

4      41.   The knowledge that Defendants would take the application and alter the amount

5  financed was in the possession of Defendants and was unknown to Plaintiff Ms. Glock.

6      42.   The aforementioned statements were misrepresentations because Defendants did

7  not provide Plaintiff Ms. Glock with a title loan of $407 as discussed.

8      43.   Defendants knew, or in the exercise of reasonable diligence should have known,

9  that Plaintiff Ms. Glock would rely on such representations.

10     44.   Plaintiff Ms. Glock did reasonably rely on those representations.

11     45.   Had Plaintiff Ms. Glock known about these material facts, Plaintiff Ms. Glock

12  would not have filled out the credit application with Defendants or would have sought a loan

13  from a different lender.

14     46.   Defendants' conduct damaged Plaintiff Ms. Glock in an amount to be proven at

15  trial.

16              **VII.  FOURTH CAUSE OF ACTION**

17  **(By Plaintiff Toni Glock Against all Defendants for Negligent Misrepresentation)**

18     47.   Plaintiff Ms. Glock repeats, reallegs, and incorporates by reference all of the

19  foregoing paragraphs.

20     48.   Plaintiff Ms. Glock and Defendant's representative Ashley Ortiz had a

21  discussion wherein Ms. Glock informed Ms. Ortiz that she needed a title loan for $407 to

22  cover the registration and title costs with the Department of Motor Vehicles. Defendant's

23  representative Ms. Ortiz submitted Ms. Glock for a title loan for $2,600 at an interest rate of

24  165% without Ms. Clock's authority.  Ms. Glock was led to believe she would be receiving a

25  loan for approximately $407.  Defendant failed to inform Plaintiff that the reasoning for the

26  larger loan amount was to grossly inflate the interest rate.

27     49.   Defendants induced Plaintiff Ms. Glock to fill out the credit application on the

28  assumption that they would be receiving a title loan for $407.

8
COMPLAINT AND DEMAND FOR JURY TRIAL

50.    Defendants took Plaintiff Ms. Glock's application but proceeded to prepare a title loan for the amount of $2,600 without Plaintiff's authorization.

51.    The knowledge that Defendants would take the application and alter the amount financed was in the possession of Defendants and was unknown to Plaintiff Ms. Glock.

52.    The aforementioned statements were misrepresentations because Defendants did not provide Plaintiff Ms. Glock with a title loan of $407 as discussed.

53.    Defendants knew, or in the exercise of reasonable diligence should have known, that Plaintiff Ms. Glock would rely on such representations.

54.    Defendants' representations were not true.

55.    Defendants had no reasonable grounds for believing the representations were true when it made the representations.

56.    Defendants intended that Plaintiff Ms. Glock rely on these representations.

57.    Plaintiff Ms. Glock was harmed.

58.    Plaintiff Ms. Glock reasonable and foreseeable reliance on the representations was a substantial factor in causing them harm.

59.    As a result of the above violations, Defendants are liable to Plaintiff Ms. Glock for actual damages, punitive damages and costs.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered against Defendants and each of them for the following:

(a)  Actual damages;

(b)  Statutory damages;

(c) Costs and reasonable attorney's fees;

(d)  Punitive damages; and

(e)  For such other and further relief as the Court may deem just and proper.

Date: 12/11/17

Jeremy S. Golden
Attorney for Plaintiffs

9

Ex A010

1

## DEMAND FOR JURY TRIAL

2      Please take notice that Plaintiffs demand trial by jury in this action.

3

4  Date:  12/11/17

5

6                                    Jeremy S. Golden
7                                    Attorney for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ex A011

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jeremy S. Golden (SBN 228007); Cory M. Teed (SBN 299780)<br>Golden & Cardona-Loya, LLP<br>3130 Bonita Road, Suite 200B<br>Chula Vista, CA 91910<br>TELEPHONE NO.: 619-476-0030   FAX NO.: 775-898-5471<br>ATTORNEY FOR *(Name):* Plaintiffs Toni Glock and Terry Glock | FILED<br>DEC 13 2017<br>BY _____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino District

CASE NAME:
Glock et al. v. Titlemax of California, Inc. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIVDS1724967 |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [✓] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):*  Four
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/13/2017

Cory M. Teed
_____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Ex A012

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In Item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Page 2 of 2

Ex A013

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

TONI GLOCK, et al.                                        Case No. ___CIVDS1724967___

                          vs.                             **CERTIFICATE OF ASSIGNMENT**

TITLEMAX OF CALIFORNIA, INC., et al.

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the ___San Bernardino___ District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General        [ ] Collection

| | | Nature of Action | Ground |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [ ] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [ ] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] | 20 | Other | |
| [X] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------- --------------------------------------------------------
---------------------------------------------------------------
                                  CASE NO: CIVDS1724967
  GOLDEN & CARDONA-LOYA, LLP
  3130 BONITA ROAD, SUITE 200-B
  CHULA VISTA CA 91910
                       NOTICE OF TRIAL SETTING CONFERENCE


IN RE: GLOCK -V- TITLEMAX OF CALIFORNIA

THIS CASE HAS BEEN ASSIGNED TO: WILFRED J SCHNEIDER JR. IN DEPARTMENT S32
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

        HEARING DATE: 06/18/18 at  8:30 in Dept. S32


DATE: 12/19/17  Nancy Eberhardt, Court Executive Officer
                                  By: REGINA CHANEZ
---------------------------------------------------------------------
---------------------------------------------------------------------
                    CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
(X) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 12/19/17
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 12/19/17 at San Bernardino, CA

                           BY: REGINA CHANEZ